UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
05-10114-RCL

UNITED STATES OF AMERICA

v.

PEDRO LOBO

**MEMORANDUM AND ORDER OF DETENTION**

May 18, 2005

DEIN, M.J.

The defendant is charged in a multi-count indictment with conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, and distribution of cocaine base and cocaine, in violation of 21 U.S.C. § 841(a)(1).  An initial appearance was held on April 29, 2005 at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(e)(2), (f)(1)(B), (f)(1)(C), (f)(1)(D) and (f)(2)(A) on the grounds that the defendant poses a danger to the community and a serious risk of flight.  Moreover, as the crime alleged was committed while the defendant was on pre-trial release, the government sought a 10 day continuance for a detention hearing.  The defendant was represented by counsel at the initial appearance.

A detention hearing was held on May 10, 2005.  At that time the defendant was represented by counsel.  The government presented the testimony of Police Detective Robert Rappold of the Scituate police department.  Defense counsel cross-examined the witness.  The defendant elected not to introduce any evidence.

At the conclusion of the hearing, the defendant, through counsel, asked that the matter be continued to allow the defendant time to be interviewed by Pre-trial Services. The court was notified today that the defendant had elected not to proceed with the interview, but, rather, had elected to voluntarily assent to detention at this time, without prejudice to his right to propose conditions of release at a later date.

Accordingly, it is ORDERED that the defendant be DETAINED pending trial, and it is further ORDERED --

(1)    That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)    That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3)    On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This order is without prejudice to the defendant filing a motion at any time seeking a hearing to consider proposed conditions of release, regardless whether there have been changed circumstances

    /s/Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge