

**U.S. Department of Justice**

**MICHAEL J. SULLIVAN**
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*　　　　　　　*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts  02210*

June 13, 2005

James S. Murphy, Esq.
23 North Pearl Street
Brockton, MA 02301


    Re:  United States v. Pedro Lobo
         Criminal No. 05-10114-RCL

Dear Counsel:

     Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case Bates stamped #s 1-180:

A.   Rule 16 Materials

1.   Statements of Defendant under Rule 16 (a)(1)(A)

     a.   Written Statements

     Enclosed are the following relevant written statements made by the defendant Pedro Lobo ("LOBO") in the possession, custody or control of the government, the existence of which is known to the attorney for the government are included in the search warrant affidavit, Federal Bureau of Investigation ("FBI") reports and local police departments included herewith.

     b.   Recorded Statements

     Consensual tape recordings involving the defendant and an undercover officer were made of a telephone conversation and a personal meeting in which a covert device was used to obtain a

videotape. The telephone conversation recording was not effective and no recording was obtained despite the attempt by the undercover officer. The DVD of the personal meeting is available for your review at the United States Attorney's Office and a copy is enclosed.

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The government is unaware of any oral statements made by the defendant before or after arrest other than those included in the FBI and local police reports provided herewith, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

The government's understanding is that you were provided with a copy of the defendant's criminal record by pretrial services. Kindly let me know if you need an additional copy.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

Additionally, enclosed are FBI reports and local police reports Bates stamped #s 1-87; Grand Jury transcript Bates stamped #s 127-153; cellular telephone records Bates stamped #s 172-180; and reports of prior arrests of LOBO in Rhode Island and Brockton, MA Bates stamped #s 154-171.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

Certificates of analysis from the Department of Public Health ("DPH") Laboratory and DEA 7 reports concerning the testing of the narcotics will be provided upon receipt of them.

There presently are no other reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

Search warrants were executed at Room #238, Holiday Inn Express at 909 Hingham Street in Rockland, MA and on One Black Toyota Avalon, MA registration 25WA27 on April 28, 2005.  A copy of the search warrants, applications, affidavit, motions to seal and to unseal are enclosed.  The search warrant returns will be provided upon receipt of them.  A copy of the search warrants, applications, affidavit, and photographs of the hotel are enclosed and all materials are Bates stamped #s 88-96; 99-126.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief is set forth below.

The defendant arranged for the sale of cocaine with the undercover officer and discussed the installation of car hides to transport cocaine.  The personal meeting video and audio tape consists of a recording of conversations that occurred during the drug transaction of April 8, 2005 involving the defendant and the undercover officer.

 "Although not required by Local Rule 116.1(C)(1)(d)(i), the government is producing the following reports relating to the consensual recordings":
    FBI reports and local police reports Bates stamped #s 1-87_ referenced above; one DVD of the personal meeting described above and one tape of the consensually recorded telephone call referenced above.  Additionally, enclosed is one CD-ROM (along with accompanying copies of photographs printed from it) that represents still photos taken from the above referenced DVD of

the personal meeting involving LOBO and the undercover officer.

The conversations on these tape recordings are primarily in English.

E.  <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

At this time, I am unaware of the names of any known unindicted coconspirators as to the conspiracy charged in Count One of the indictment.

F.  <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

I have no information indicating that the defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure. Undercover Officer Mark Foley did view a copy of a Massachusetts Registry of Motor Vehicles photo of the defendant during the course of the investigation in an effort to confirm the name of the defendant.

G.  <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.  The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.  The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.  No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

4.  The government is unaware that any of its named case-in-chief witnesses has a criminal record.

5.   The government is unaware that any of its named case-in-chief witnesses has any criminal cases pending.

6.   No named percipient witnesses failed to make a positive identification of a defendant with respect to the crimes at issue.

H.   Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi.  The time, date, and place at which the alleged offenses were committed is set forth in the affidavit filed in support of the criminal complaint in this case and in the indictment in this case a copy of which you previously have received.

Please call the undersigned Assistant U.S. Attorney at 617-748-3215 if you have any questions.

                                    Very truly yours,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                  By:
                        S/ Glenn A. MacKinlay
                        GLENN A. MACKINLAY
                        Assistant U.S. Attorney

enclosures
cc:  Thomas Quinn, Clerk to the Honorable Judith G. Dein
     (w/o enclosures)

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

> James S. Murphy, Esq.
> 23 North Pearl Street
> Brockton, MA 02301

This 13th day of June, 2005.

                                Glenn A. MacKinlay
                                GLENN A. MACKINLAY
                                ASSISTANT UNITED STATES ATTORNEY