UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
05-10114-RCL

UNITED STATES OF AMERICA

v.

PEDRO LOBO

**ORDER AND
INITIAL STATUS REPORT**

June 16, 2005

DEIN, M.J.

An Initial Status Conference was held before this court on Thursday, June 16,

2005, pursuant to the provisions of Local Rule 116.5(A).  Based on that conference,

this court enters the following report and orders, to wit:

1.    The government is waiting for additional lab reports, which will be
produced when they are received.  The time by which the defendant may
request discovery is extended to July 15, 2005.

2.    The defendant will determine whether he requests expert discovery in
accordance with Fed. R. Crim. P. 16(a)(1)(E) at the next status
conference.

3.    The time for filing dispositive motions shall be set at the next status
conference.

4.    In this court's view, this is not a case involving unusual or complex issues
for which an early joint conference of the district judge and the magistrate
judge with counsel of record would be useful.

5.    In this court's view, this is not a case involving features which would
warrant special attention or modification of the standard schedule, except
as provided herein.

6.    The parties currently anticipate that a trial will occur and will take approximately one (1) week.

7.    This court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice, i.e., review of the case, review of evidence, and consideration of alternatives concerning how best to proceed with this matter, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time for the period of June 7, 2005 through August 17, 2005, that being the period between the expiration of the initial order on excludable time and the next status conference.[1]

8.    Based upon the prior order of the court dated May 10, 2005 and the order entered contemporaneously herewith, at the time of the Interim Status Conference on August 17, 2005, there will be zero (0) days of non-excludable time under the Speedy Trial Act and seventy (70) days will remain under the Speedy Trial Act in which this case must be tried.

9.    **An Interim Status Conference has been scheduled for August 17, 2005 at 10:00 a.m.  Counsel for the respective parties shall file a Joint Memorandum addressing the matters set forth in LR 116.5(A)(1) through (7) before the close of business no less than**

---

[1]    The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).

**THREE business days prior to that Status Conference.  In addition, the parties shall include in the Joint Memorandum not only the periods of excludable time that are applicable, but also the amount of time                                    remaining under the Speedy Trial Act before trial must commence,              as well as the total amount of time which has been excluded.**

_/ s / Judith Gail Dein_

JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE

-3-