```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,         )
          Plaintiff,              )
                                  )
     v.                           )   Criminal Action No.
                                  )   05-10114-RCL
PEDRO LOBO,                       )
a/k/a "JOSE LOBO",                )
a/k/a "PETER",                    )
          Defendant.              )
```

**UNITED STATES' ASSENTED-TO**
**MOTION FOR A PRELIMINARY ORDER OF FORFEITURE**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture in the above-captioned case pursuant to 21 U.S.C. § 853.  A proposed Preliminary Order is submitted herewith.  In support thereof, the United States sets forth the following:

1.   On October 20, 2005, a federal grand jury sitting in the District of Massachusetts returned a seven-count Superseding Indictment charging Pedro Lobo (the "Defendant"), with Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. § 846 (Count One); Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) (Counts Two through Five); and Possession of Cocaine Base with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) (Counts Six and Seven).

2.   The Superseding Indictment also contained a Forfeiture Allegation pursuant to 21 U.S.C. § 853.  The Forfeiture Allegation of the Superseding Indictment sought forfeiture, pursuant to 21 U.S.C. § 853, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses, and/or any property used and/or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, including, but not limited to, one 1997 Toyota Avalon, Massachusetts registration 25WA27, registered in the name of Diname Pires-Lopes, vehicle identification number 4T1BF12B7VU21077 (the "Avalon"), and $7,760.00 in U.S. Currency[1] (the "Currency").

3.   The forfeiture allegation also provided that if any forfeitable assets, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, that it was the intention of the United States, pursuant to Title 21 U.S.C. § 853(p), to seek

---

[1] The $7,760.00 in U.S. Currency was listed incorrectly in the Superseding Indictment.  The correct amount is $7,780.00 in U.S. Currency.

forfeiture of any other property of the Defendant up to the value of such forfeitable assets.

4.   On March 16, 2006, the Defendant pled guilty to Counts One through Seven of the Superseding Indictment. At the March 16, 2006 hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States referred to the Avalon and the Currency as forfeitable assets in its statement of the facts of the case. The Defendant acknowledged that the Avalon and the Currency were subject to forfeiture. In light of the Defendant's guilty plea, the United States has established the requisite nexus between the Avalon and the Currency and the offenses to which the Defendant pled guilty, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

5.   By virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Avalon and the Currency, or substitute assets in a value up to the Avalon and the Currency. <u>See</u> Rule 32.2(b)(2); 21 U.S.C. § 853(p); <u>United States v. Candelaria-Silva</u>, 166 F.3d 19, 41 (1st Cir. 1999).

6.   Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Avalon and the Currency and will publish notice of the Court's Order and of the United

States' intent to dispose of the Avalon and the Currency in a newspaper of general circulation in the District of Massachusetts, in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).

WHEREFORE, the United States requests that this Court:

(A) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(B) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(C) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Kristina E. Barclay
GLENN MACKINLAY
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Date: April 4, 2006

**LOCAL RULES 7.1(A)(2) AND 112.1 CERTIFICATION**

    I hereby certify that, pursuant to Local Rules 7.1(A)(2) and 112.1, the government conferred with counsel for the Defendant in an effort to resolve the issues presented in this motion, and that counsel has assented to the relief requested herein.

                                             /s/ Kristina E. Barclay
                                             Kristina E. Barclay
                                             Assistant U.S. Attorney

Date: April 4, 2006

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document has been filed through the Electronic Court Filing system and also have been sent by First Class Mail to James S. Murphy, Esquire, counsel for Pedro Lobo, 23 North Pearl Street, Brockton, MA 02301.

                                             /s/ Kristina E. Barclay
                                             Kristina E. Barclay
                                             Assistant U.S. Attorney

Date: April 4, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,       )
          Plaintiff,            )
                                )
     v.                         )   Criminal Action No.
                                )   05-10114-RCL
PEDRO LOBO,                     )
a/k/a "JOSE LOBO",              )
a/k/a "PETER",                  )
          Defendant.            )
```

**PRELIMINARY ORDER OF FORFEITURE**

**LINDSAY, D.J.**

WHEREAS, on October 20, 2005, a federal grand jury sitting in the District of Massachusetts returned a seven-count Superseding Indictment charging Pedro Lobo (the "Defendant"), with Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. § 846 (Count One); Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) (Counts Two through Five); and Possession of Cocaine Base with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) (Counts Six and Seven);

WHEREAS, the Superseding Indictment also contained a Forfeiture Allegation pursuant to 21 U.S.C. § 853, which sought forfeiture of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses, and/or any property used and/or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, including, but not

limited to, one 1997 Toyota Avalon, Massachusetts registration 25WA27, registered in the name of Diname Pires-Lopes vehicle identification number 4T1BF12B7VU21077 (the "Avalon"), and $7,760.00 in U.S. Currency[1] (the "Currency");

WHEREAS, the forfeiture allegation also provided that if any forfeitable assets, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, that it was the intention of the United States, pursuant to Title 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of such forfeitable assets;

WHEREAS, on March 16, 2006, the Defendant pled guilty to Counts One through Seven of the Superseding Indictment;

WHEREAS, at the March 16, 2006 hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States referred to the Avalon and the Currency in its statement of the facts of the case, and the Defendant acknowledged that the Avalon and the Currency were subject to the forfeiture; and

---

[1] The $7,760.00 in U.S. Currency was listed incorrectly in the Superseding Indictment. The correct amount is $7,780.00 in U.S. Currency.

WHEREAS, by virtue of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Avalon and the Currency, or substitute assets in a value up to the Avalon and the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the facts set forth by the government in support of the Defendant's guilty plea and the Defendant's admissions at the plea hearing, that the government has established the requisite nexus between the Avalon and the Currency, and the offenses to which the Defendant pleaded guilty.  Accordingly, all of the Defendant's interests in the Avalon and the Currency are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a) and (p).

2. If the Avalon and the Currency, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which

cannot be subdivided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such forfeitable assets, pursuant to 21 U.S.C. § 853(p).

    3.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service (the "USMS")is hereby authorized to seize the Avalon and the Currency.

    4.    The Avalon and the Currency are to be held by the USMS in its secure custody and control.

    5.    Pursuant to 21 U.S.C. § 853(n), the United States shall publish, at least once for three successive weeks in the <u>Boston Herald</u> or any other newspaper of general circulation in the district, notice of this Order, and of the United States' intent to dispose of the Avalon and the Currency pursuant hereto.

    6.    Pursuant to 21 U.S.C. § 853(n), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Avalon and the Currency to be forfeited.

    7.    Pursuant to 21 U.S.C. § 853(n), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Avalon and the Currency, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in

Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Avalon and the Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Avalon and the Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Avalon and the Currency, any additional facts supporting the petitioner's claim, and the relief sought.

    8.   Pursuant to 21 U.S.C. § 853(n), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Avalon and the Currency.  At that time, the Court shall enter a Final Order of Forfeiture addressing all alleged interests in the Avalon and the Currency.

9.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

                                                                         _____
                                                                         Reginald C. Lindsay
                                                                         United States District Judge

Date: